IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY LEE NEWKIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-843-CV-DPR |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance

Benefits to Plaintiff Rodney Lee Newkirk in a decision dated March 29, 2012 (Tr. 19-27). The

Appeals Council denied review. Thus, the ALJ's decision became the Commissioner of Social

Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. For the

reasons set forth below, the decision of the Commissioner of Social Security is **REVERSED**

**and REMANDED** for additional evaluation consistent with this opinion.

LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial

evidence on the record as a whole to support the Social Security Administration's decision. 42

U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is

"'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a

more exacting analysis, which also takes into account "whatever in the record fairly detracts

from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

Plaintiff argues that the ALJ erred in assessing the claimant's Residual Functional Capacity (RFC) (Doc. 7). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and agrees with Plaintiff that the ALJ's failure to obtain and consider medical opinions regarding his ability to function in the workplace was reversible error.

Generally, the claimant is responsible for providing the evidence the agency will use in determining an individual's RFC. The agency, however, is tasked with developing a claimant's complete medical history and arranging for consultative examinations if necessary. 20 C.F.R. § 404.1545. Indeed, it is the duty of an ALJ to "fully and fairly" develop the record. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). Moreover, an individual's RFC is a "medical question" that must be supported by some

evidence from a medical professional. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). To properly assess a claimant's RFC, the ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell*, 259 F.3d at 712. Opinions of non-examining physicians "ordinarily do not constitute substantial evidence on the record as a whole." *Nevland*, 204 F.3d at 858.

Claimant Newkirk alleged disability due to degenerative disc disease of the lumbar spine, failed surgical back syndrome, chronic lumbalgia, post left-knee surgery with residual pain, and obesity. He has a significant medical history of knee and back problems, including three back surgeries, none of which resolved his chronic pain. Although the 900-page record contains many treatment notes, it contains no recent physical functional evaluations. The record does contain the results of some functional testing completed during Newkirk's 2007 post-operative physical therapy, but this testing was five years old at the time of the ALJ's opinion. The record also contains an assessment from 2009 by a consulting physician regarding the percentage and permanence of the claimant's disability, but this evaluation does not specifically address work-related functioning. Furthermore, the ALJ gave little weight to the narrative opinion of Dr. Fleming, Newkirk's treating physician. The ALJ did not request that Dr. Fleming perform a functional assessment, nor did the ALJ send the claimant to a consulting physician for a functional evaluation. The only opinion in the record that addresses the claimant's ability to perform work functions is that of Dr. Landau, the medical expert who testified at the hearing. Dr. Landau never examined the claimant, and his opinion is based solely upon a review of the claimant's medical records. Dr. Landau's opinion does not constitute substantial evidence to support the ALJ's RFC. *See Nevland*, 204 F.3d at 858.

Yet, the ALJ made specific findings that Newkirk was capable of lifting twenty pounds

occasionally, and ten pounds frequently; stand or walk two hours in an eight-hour workday; sit for six hours in an eight-hour work day with breaks every two hours, and with ability to stand and stretch every hour; occasionally stoop and bend; climb stairs, but not ladders; but not work at heights, balance, operate heavy equipment or motorized vehicles, work around unprotected machinery, or do work in which the safety of others could be compromised. As discussed above, the record does not support this RFC calculation. It is error for an ALJ to draw her own inferences from medical records. *Nevland*, 204 F.3d at 858 (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974)).

An RFC calculation *must* be supported by some medical evidence. The ALJ was under a duty to fully develop the record so it contained the opinions necessary to properly determine the claimant's physical RFC. Her failure to do so was error. Thus, the Court remands the case to the Commissioner for expansion of the record to obtain evaluations of the claimant's ability to function in the workplace, and for subsequent recalculation of Plaintiff's RFC.

### CONCLUSION

Based upon a thorough review of the record, the Court finds the ALJ's RFC calculations are not supported by substantial evidence on the record as a whole. **IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further development of the record and reassessment of the claimant's RFC.

**IT IS SO ORDERED.**

**DATED: September 2, 2014**

  /s/ ***David P. Rush***
**DAVID P. RUSH**
**United States Magistrate Judge**

4